UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KENT MADDOX AND                    CIVIL ACTION NO. 6:19-cv-01139
PAULINE SIMMONS MADDOX

VERSUS                             JUDGE JUNEAU

JELD-WEN, INC., CHANEY LUMBER      MAGISTRATE JUDGE HANNA
& SUPPLY, INC., AND ABC
INSURANCE COMPANY

## REPORT AND RECOMMENDATION

Currently pending is the motion for remand and the recovery of costs and attorneys' fees (Rec. Doc. 6) that was filed by the plaintiffs, Kent Maddox and Pauline Simmons Maddox. The motion is opposed. (Rec. Doc. 8). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be granted in part and denied in part.

## Background

This lawsuit originated in the 16th Judicial District Court, Iberia Parish, Louisiana. In their petition for damages, the plaintiffs alleged that they purchased windows, doors, and related appurtenances from Chaney Lumber & Supply, Inc. in January 2008 when they were building a new home in Avery Island, Louisiana.

They alleged that all of these items were manufactured by Jeld-Wen, Inc. and cost a total of $63,666.89.  The plaintiffs further alleged that, in January 2013, they noticed that a set of the Jeld-Wen doors were deteriorating.  They contacted Jeld-Wen, and the doors were replaced, but the plaintiffs were required to remove the old doors, dispose of the debris, and expend other funds connected with replacement of the doors.  In August 2018, the plaintiffs allegedly noticed the deterioration of other doors.  Representatives of Chaney and Jeld-Wen inspected the doors, and Jeld-Wen offered a credit against similar doors but would not pay for the removal and replacement of the deteriorated doors.  In June 2019, the plaintiffs allegedly noticed that their Jeld-Wen windows were showing signs of significant rot.  The plaintiffs sued Chaney, Jeld-Wen, and an unidentified insurance company, asserting causes of action for redhibition, violation of the Louisiana Unfair Trade Practices Act, breach of express and implied warranties, negligent misrepresentation, and detrimental reliance.

Jeld-Wen removed the action to this forum, alleging that the court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds the statutory minimum and the parties are diverse in citizenship when the citizenship of two defendants is disregarded.  Jeld-Wen argued that the citizenship of the fictitious insurance company and that of Chaney need not be considered in determining whether the court has subject-matter jurisdiction over this

2

action.  More specifically, Jeld-Wen argued that Chaney was improperly joined as a defendant in the suit because there is no reasonable possibility that the plaintiffs can recover against Chaney.  The plaintiffs responded with the instant motion to remand, arguing that the court lacks subject-matter jurisdiction because Chaney is a properly joined nondiverse party.

## Law and Analysis

"Federal courts are courts of limited jurisdiction.  Absent jurisdiction conferred by statute, district courts lack power to consider claims."[1]  Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3]  A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[4]  Similarly, any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction.[5]

---

[1]    *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).  See, also, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2]    28 U.S.C. § 1331.

[3]    28 U.S.C. § 1332.

[4]    *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

[5]    *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction.[6] Thus, when a lawsuit has been removed from state court, as this suit has, the removing party must bear that burden.[7] Accordingly, Jeld-Wen has the burden of establishing that this court has subject-matter jurisdiction over this action. Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[8]

## A.    Diversity of Citizenship

In this case, Jeld-Wen alleged that the court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs, and the citizenship of the plaintiff is diverse from that of all of the defendants.[9] But the parties to this lawsuit are not completely diverse in citizenship.

In their petition, the plaintiffs alleged that they are residents of Iberia Parish, Louisiana. The citizenship of a natural person is determined by the state in which he or she is domiciled, and domicile is a combination of both a person's residence

---

[6]    *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

[7]    *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

[8]    28 U.S.C. § 1447(c).

[9]    See 28 U.S.C. § 1332(a).

and the intent to remain there permanently.[10]  Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[11]  Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[12]  No evidence has been presented suggesting that Mr. and Mrs. Maddox are domiciled anywhere other than Louisiana.  Therefore, this Court finds that they are Louisiana citizens.

The citizenship of a defendant sued under a fictitious name is disregarded for purposes of determining whether the parties are diverse.[13]  Therefore, the fact that the plaintiffs sued a fictitious insurance company is immaterial to this issue.

A corporation's citizenship is determined by its state of incorporation and the state of its principal place of business.[14]  Both Jeld-Wen and Chaney are corporations; therefore, their states of incorporation and principal places of business determine their citizenship.  In the removal notice, Jeld-Wen alleged that it was

---

[10]   *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d 564, 571 (5th Cir. 2011).

[11]   *Delome v. Union Barge Line Co*., 444 F.2d 225, 233 (5th Cir. 1971).

[12]   *Hollinger v. Home State Mut. Ins. Co*., 654 F.3d at 571.

[13]   *Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001); 28 U.S.C. § 1441(b)(1).

[14]   *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir.  2019); 28 U.S.C. § 1332(c)(1).

incorporated in Delaware and has its principal place of business in North Carolina.[15] Therefore, Jeld-Wen is a citizen of both Delaware and North Carolina. In their petition, the plaintiffs alleged that Chaney is a Louisiana corporation with its principal place of business in Louisiana.[16] Chaney has not yet appeared in the lawsuit, but no contrary evidence has been presented. Therefore, this Court concludes that Chaney is a Louisiana citizen and is not diverse in citizenship from the plaintiffs.

## B.    **Improper Joinder**

In support of their motion to remand, the plaintiffs argued that Chaney's lack of diversity precludes subject-matter jurisdiction. In opposition, however, Jeld-Wen argued that Chaney's citizenship does not destroy the court's subject-matter jurisdiction because Chaney was improperly joined as a defendant in this lawsuit. The doctrine of improper joinder is a narrow exception to the complete diversity requirement.[17] The removal statutes "entitle a defendant to remove to a federal

---

[15]    Rec. Doc. 1 at 3.

[16]    Rec. Doc. 1-1 at 1.

[17]    *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011); *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).

6

forum unless an in-state defendant has been 'properly joined.'"[18]  "[T]he focus of the inquiry must be on the joinder, not the merits of the plaintiff's case."[19]

To establish improper joinder, Jeld-Wen must prove either actual fraud in the pleading of jurisdictional facts, or the plaintiffs' inability to establish a cause of action against the nondiverse party in state court.[20]  Here, there is no allegation of actual fraud.  Therefore, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[21]

A defendant contending that a nondiverse party is improperly joined has a heavy burden of proof.[22]  The court must evaluate the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving

---

[18]     *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573 (5th Cir. 2004).

[19]     *Smallwood v. Illinois Cent. R. Co*., 385 F.3d at 573.

[20]     *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)).

[21]     *Smallwood v. Illinois Central Railroad Co*., 385 F.3d at 573 (citing *Travis v. Irby*, 326 F.3d at 648).

[22]     *Green v. Amerada Hess Corp*., 707 F.2d 201, 205 (5th Cir. 1983).

contested issues of substantive fact in favor of the plaintiff.[23]  The sufficiency of a plaintiff's state-court petition for purposes of the improper joinder analysis is measured under federal pleading standards.[24]  Thus, the analysis used to determine whether a defendant is improperly joined is the same as that used to determine whether a claim has been stated under Fed. R. Civ. P. 12(b)(6).  "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[25]

Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[26]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[27]  "Factual allegations must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[28]  As part of this analysis, the court must proceed in two steps.  First, the court must separate

---

[23]    *Green v. Amerada Hess*, 707 F.2d at 205; *Guillory v. PPG Indus., Inc*., 434 F.3d 303, 308 (5th Cir. 2005).

[24]    *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd*., 818 F.3d 193, 208 (5th Cir. 2016).

[25]    *Smallwood v. Illinois Central Railroad Co*., 385 F.3d at 573.

[26]    *Gines v. D.R. Horton, Inc*., 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[27]    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[28]    *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.

legal conclusions from well-pleaded facts.[29]  Second, the court must review the well-pleaded factual allegations, assume them to be true, and then determine whether they "plausibly give rise to an entitlement of relief."[30]  "[A] single valid cause of action against in-state defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."[31]

Five separate causes of action were set forth in the plaintiffs' petition, the first of which is a redhibition claim.  Under Louisiana Civil Code Article 2520, "[t]he seller warrants the buyer against redhibitory defects, or vices, in the thing sold."  A defect can be redhibitory in two ways:  (1) if it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect, or (2) if it diminishes the thing's usefulness or value so that it must be presumed that a buyer would still have bought it but only for a lesser price.[32]  It is undisputed that the plaintiffs purchased the allegedly defective doors, windows, and appurtenances from Chaney.  Therefore, upon the discovery of the alleged defects in those items, it was logical for the plaintiffs to assert a

---

[29]     *Ashcroft v. Iqbal*, 556 U.S. at 678-79.

[30]     *Ashcroft v. Iqbal*, 556 U.S. at 679.

[31]     *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc*., 390 F.3d 400, 412 (5th Cir. 2004).  See, also, *Green v. Amerada Hess Corp*., 707 F.2d at 208 ("If even one of Green's many claims might be successful, a remand to state court is necessary.").

[32]     Louisiana Civil Code Article 2520.

redhibition claim against Chaney, seeking the return of the entirety or some portion of the purchase price paid.

Jeld-Wen argued that the plaintiffs have no arguable claims against Chaney, but they relied upon jurisprudence interpreting Louisiana tort law and the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.52, *et seq*., rather than Louisiana's redhibition statute.

For example, Jeld-Wen cited *Bellow v. Fleetwood Motor Homes*.[33] There, the plaintiff was allegedly injured by a carbon monoxide leak while he was a guest passenger in a motor home that he did not own. The plaintiff sued the manufacturer of the motor home and the retail seller. The manufacturer removed the case to federal court, and the plaintiff filed a motion to remand on the basis that the seller was not diverse in citizenship. The defendant argued, in opposition, that the seller was improperly joined. The court noted that the seller could not be liable to the plaintiff in redhibition because the plaintiff was not the purchaser of the vehicle, and further noted that the plaintiff's claim against the seller was a negligence claim. The court explained that, under Louisiana tort law, a non-manufacturer seller of a product has a duty to warn a purchaser only of defects of which it knows or should have known, is not presumed to have knowledge of defects, and is not required to inspect

---

[33]   *Bellow v. Fleetwood Motor Homes*, No. 06-2039, 2007 WL 1308382 (W.D. La. Apr. 13, 2007).

a product to determine the possibility of non-apparent defects. Because the plaintiff failed to show that the seller knew or should have known of the defect in the vehicle, there was no reasonable possibility of recovery against the seller, and the motion to remand was denied.

The *Bellow* case is distinguishable from this one because no tort claim was asserted by the plaintiffs in this case. They did not allege that their damages result from negligence on the part of Chaney or Jeld-Wen. Similarly, the plaintiffs did not assert an LPLA claim – nor could they. The LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products."[34] The plaintiffs in this case did not allege that the windows and doors that they purchased from Chaney caused damage; instead, they alleged that they did not receive what they bargained for when they purchased those items. Furthermore, while Jeld-Wen is correct in stating that "a non-manufacturer seller can only be held liable for damages in tort if it knew or should have known that the product was defective and failed to notify the purchaser of the defect,"[35] this principle does not foreclose the

---

[34]     La. R.S. 9:2800.52.

[35]     In support of this principle, Jeld-Wen cited *Tauzier v. Dodge*, No. 97-2444, 1998 WL 458184, at *4 (E.D. La. Aug. 4,1998), and *Jones v. Employers Mut. Liability Ins. Co*., 430 So.2d 357, 358 (La. App. 3 Cir. 1983), both of which are products liability cases. In *Bellow v. Fleetwood Motor Homes*, 2007 WL 1308382, at *2, the court applied this principle in a negligence case.

11

plaintiffs' redhibition claim.  By its plain language, it can foreclose only a tort claim, such as the one asserted in the *Bellow* case.

A redhibition claim is not a tort claim.  As the Louisiana Third Circuit Court of Appeal stated:

> A claim in redhibition has been recognized as being distinctly different from a tort claim.  *Patin v. Thoroughbred Power Boats, Inc*., 294 F.3d 640, 656 (5th Cir.La.2002).  It is well established in Louisiana law that a redhibition claim is contractual in nature.  *Landry v. Forest River, Inc*., 06–1424, p. 5 (La. App. 3 Cir. 3/14/07), 953 So.2d 1046, 1050.  It arises from a breach of a warranty of a thing sold by a seller.  *Id*.[36]

Therefore, the legal principle relied upon by Jeld-Wen does not apply with regard to the plaintiffs' redhibition claim.

Furthermore, the allegations of the plaintiffs' petition sufficiently articulate a plausible redhibition claim.  The plaintiffs alleged that Chaney was the seller and they were the purchasers of the Jeld-Wen doors, windows, and appurtenances.  They alleged that the products they purchased were unfit for the ordinary purposes for which they were to be used.  Presumably, the plaintiffs would not have purchased these items if they had known about the alleged defects – or they would have bought them but at a lower price.  This Court therefore finds that the plaintiffs have articulated a plausible redhibition claim, and Jeld-Wen has not presented evidence

---

[36]     *Rotorcraft Leasing, LLC v. H.E.R.O.S., Inc*., 2016-690 (La. App. 3 Cir. 04/19/17), 217 So.3d 525, 535, *writ denied*, 228 So.3d 745 (La. 10/09/17).

precluding the reasonable possibility that Chaney could be subject to liability under Louisiana's redhibition law.  Consequently, the presence of this nondiverse defendant in the lawsuit destroys complete diversity among the parties.  A similar result was reached in *Taylor v. Interstate Hyundai, Inc.* [37] and in *Poole v. Thor Industries, Inc.* [38] when redhibition claims were articulated against nondiverse sellers.

This Court need not consider whether the plaintiffs have a reasonable possibility of recovery against Chaney under any of the other causes of action that were asserted, and this Court need not consider whether the amount-in-controversy requirement for subject-matter jurisdiction under the diversity statute has been satisfied.  Because a plausible redhibition claim was asserted against Chaney, a nondiverse party, the court lacks the authority to adjudicate the plaintiffs' claims. The case should be remanded to the state court where it began, for lack of subject-matter jurisdiction.

## D.    <u>Attorneys' Fees</u>

The plaintiffs included in their motion a request for the recovery of attorneys' fees.  Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require

---

[37]    *Taylor v. Interstate Hyundai, Inc.*, No. 17-1300, 2018 WL 1548898, at *1 (W.D. La. Mar. 5, 2018), report and recommendation adopted, 2018 WL 1541992 (W.D. La. Mar. 29, 2018).

[38]    *Poole v. Thor Industries, Inc.*, No. 18-956-JWD-RLB, 2019 WL 3526706 (M.D. La. June 17, 2019), report and recommendation adopted, 2019 WL 3526701 (M.D. La. July 3, 2019).

payment of just costs and actual expenses, including attorney fees, incurred as a result of the removal."  The United States Supreme Court has instructed that "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[39]  However, the decision of whether to award attorneys' fees remains within the district court's discretion.[40]

In this case, this Court found that the plaintiff's motion should be granted, and this case should be remanded to state court.  However, this Court cannot conclude that the defendant's decision to remove the case was objectively unreasonable since the doctrine of improper joinder might have been applicable.  Accordingly, this Court will not recommend that the plaintiffs be awarded costs or attorneys' fees incurred due to the removal.

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the plaintiffs' motion (Rec. Doc. 6) should be GRANTED to the extent that the plaintiffs seek remand of this action to state court, and this matter should be REMANDED to the 16th Judicial District Court, Iberia Parish, Louisiana.

---

[39]    *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005).  See, also, *American Airlines, Inc. v. Sabre, Inc*., 694 F.3d 539, 541-42 (5th Cir. 2012).

[40]    *Martin v. Franklin Capital Corp*., 546 U.S. at 141.  See, also, *Valdes v. Wal-Mart Stores, Inc*., 199 F.3d 290, 291 (5th Cir. 2000).

IT IS FURTHER RECOMMENDED that, to the extent the plaintiffs' motion seeks the recovery of costs and attorneys' fees, the motion should be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[41]

Signed at Lafayette, Louisiana, this 18th day of October 2019.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[41]    See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

15